Opinion approved by the Court.

Jose M. RENDON, Appellant,

v.

Blanche LOZANO, Appellee.

No. 13704.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1961.

Rehearing Denied Feb. 1, 1961.

---

Victor H. Negron, San Antonio, for appellant.

M. M. Pena, Jr., San Antonio, for appellee.

BARROW, Justice.

The following statement is taken from appellant's brief:

On February 11, 1952, Blanche Lozano executed and delivered to Jose M. Rendon a warranty deed to certain property therein described, reciting a cash consideration of $500.

On January 25, 1956, Blanche Lozano filed the instant suit to cancel the aforementioned deed alleging, among other things, that on or about the date of the execution of the said instrument, Jose M. Rendon presented her with a paper to sign which he told her was an agreement to place a new roof on her house; that the same constituted a mortgage on her home for $500; and that as soon as that amount had been paid by the collection of rents on the place, the mortgage would be canceled and released. That plaintiff, relying upon these representations, signed and executed the questioned instrument.

The parties will be referred to as plaintiff and defendant, respectively, as they were in the trial court.

■ The trial was to the court. Judgment was rendered for plaintiff. Findings of fact and conclusions of law were filed by the court. Among the numerous findings made by the court, under the view we take, we think the following are sufficient to support the judgment canceling said deed: That the deed was misrepresented by defendant to plaintiff at the time she signed it. That it was represented by defendant to be an agreement for making repairs on the property in question. That it was understood by plaintiff to be an agreement by her to pay for the repairs agreed to be made by defendant. And that the consideration recited in the deed was never paid to plaintiff by defendant.

■ The defendant contends that these findings have no support in the evidence. Thus a no evidence question is presented. The findings have support in the evidence. Plaintiff, an elderly, blind and helplessly crippled woman, testified that she entered into an agreement with defendant, a carpenter, to do some repairs on her home. That she never sold, agreed or intended to sell her property to defendant. That he came to her home with Benito Lozano and his wife, who were strangers to her, and told her that the instrument which she then and there signed was a guarantee for the payment for the repairs. In this she was corroborated by Lozano. She further testified that she had paid defendant. She also testified that defendant never paid the consideration recited in the deed. Therefore, under the rule that we should look only to the evidence which supports the judgment and disregard all evidence to the contrary, we hold that the judgment is supported by the evidence. We are not authorized to set aside a judgment which is supported by the evidence. King v. King, 150 Tex. 662, 244 S.W.2d 660; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, writ ref.

■ Defendant contends that the court's finding that he did not improve or make repairs on the property is contrary to the weight of the evidence, and that the finding

that he did not pay taxes on the property is also contrary to the evidence. These contentions are overruled. The record contains no evidence showing the amount or value of such improvements, nor the amount of any taxes paid. Moreover, the evidence shows that defendant received the rent from the property in an amount in excess of the recited consideration stated in the deed. Therefore, if there was any error in making such findings, it was harmless and would not require a different judgment. Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.